UNITED STATES of America, Appellee,

v.

Earl Benard CRAWFORD, Appellant.

No. 87–1518.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1987.

Decided Jan. 21, 1988.

Richard E. Holiman, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Earl Benard Crawford appeals from his conviction for attempted bank robbery in violation of 18 U.S.C. § 2113(a). We affirm.

The undisputed evidence introduced at trial shows that through an undercover operation the Arkansas State Police discovered Crawford's plan to rob a bank. In fact, Crawford approached William Hill, an informant participating in the undercover operation, and offered Hill a portion of the proceeds from the robbery in exchange for financing the venture. Crawford requested that Hill provide a getaway car, coveralls, ski masks, gloves, and a weapon. Crawford also told Hill he would likely use Billy Hicks as his accomplice in the robbery.

Hill purchased the ski masks, gloves, and coveralls and gave the items to Crawford in a brown bag. Crawford and Hill then drove to the bank that was to be robbed in order to determine the best direction from which to enter. Crawford also instructed Hill to leave a car in the parking lot of the church nearest the bank, which Crawford and Hicks would use to drive to the bank.

Hill informed the police about the planned robbery, and a state police officer parked a car in the parking lot of the church nearest the bank. The officer disabled the car so that it could not be started.

On the morning of the planned robbery, Hill drove Crawford and Hicks to the church where the car was parked. Crawford and Hicks entered the parked car with the brown bag. When Crawford attempted to start the car, law enforcement officials arrested both men. Inside the car officers found the bag containing a ski mask, two sets of coveralls, and two tags from pairs of gloves. Officers also found another ski mask lying on top of the bag. Both Crawford and Hicks were wearing gloves at the time of their arrest.

On appeal, Crawford maintains that the district court committed error in denying his motion for directed verdict and request for judgment of acquittal. Specifically, Crawford asserts the Government failed to prove that his actions constituted a substantial step, rather than mere preparation, toward the commission of bank robbery.

The elements of attempt are " '(1) an intent to engage in criminal conduct, and (2) conduct constituting a "substantial step" towards the commission of the substantive offense which strongly corroborates the actor's criminal intent.' " *United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir.1987) (quoting *United States v. Joyce*, 693 F.2d 838, 841 (8th Cir.1982)). The particular circumstances of each case determine whether a defendant's conduct constitutes a substantial step toward commission of a crime. *Id.* Although the attempt does not have to be successful, the attemptor's act " 'must have passed the preparation stage so that if it is not interrupted extraneously, it will result in a crime.' " *Joyce*, 693 F.2d at 841–42 (quoting *United States v. Monholland*, 607 F.2d 1311, 1319 (10th Cir.1979)).

In the present case, Crawford's acts clearly amounted to more than preliminary preparation. Crawford took steps directly aimed at the commission of a bank robbery and those steps corroborate the firmness of his criminal intent. *See Mims*, 812 F.2d at 1078–79 (defendant's repeated offers of definite sums of money to informant in exchange for heroin amounted to substantial step in commission of the offense of attempting to possess heroin).

Further, the actions taken by the police, rather than the actions taken by Crawford, ended Crawford's robbery endeavor. Under these circumstances, Crawford's actions constitute a substantial step in furtherance of attempted bank robbery. *See United States v. McFadden*, 739 F.2d 149, 152 (4th Cir.), *cert. denied*, 469 U.S. 920, 105 S.Ct. 302, 83 L.Ed.2d 236 (1984) (defendants' conduct was a substantial step when they planned a bank robbery, surveyed the bank assembled the necessary weapons and dis-

guises, and drove to the area of the bank in the getaway vehicle).

Accordingly, we affirm the district court's judgment of conviction.