

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# USA v. Sawyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sawyer" (2002). *2002 Decisions.* Paper 396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-1956


UNITED STATES OF AMERICA

v.

WILLIE SAWYER,

                                Appellant



No. 00-4341


UNITED STATES OF AMERICA

v.

CURTIS WILKERSON,

                                Appellant


Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 99-cr-00035-1 & 99-cr-00035-2)
District Judge: Honorable J. Curtis Joyner


Submitted Under Third Circuit LAR 34.1(a)
April 19, 2002


Before: NYGAARD, AMBRO and KRAVITCH*, Circuit Judges

(Filed July 15, 2002)



OPINION


AMBRO, Circuit Judge:

     A jury found co-defendants Willie Sawyer and Curtis Wilkerson guilty of
conspiracy to commit armed bank robbery in violation of 18 U.S.C.   371 (Count 1),
armed bank robbery in violation of 18 U.S.C.   2113(d) and 2 (Count 2), brandishing a
firearm in violation of 18 U.S.C.   924(c) and 2 (Count 3), attempted bank robbery in
violation of 18 U.S.C.   2113(d) and 2 (Count 4), and using and carrying a firearm in
violation of 18 U.S.C.   924(c) and 2 (Count 5).  Sawyer received a 454 month sentence,
and Wilkerson received a 447 month sentence.  They assert several errors on appeal.  We
disagree with their arguments and affirm the District Court's judgment.

Because we write only for the parties, we describe the facts only briefly.  We must view the facts in the light most favorable to the jury's guilty verdict.  United States v. Menon, 24 F.3d 550, 564 (3d Cir. 1994).  Sawyer and Wilkerson robbed the Harleysville

* Honorable Phyllis A. Kravitch, United States Circuit Judge for the Eleventh Circuit, sitting by designation.
Bank in Spring City, Pennsylvania, on December 11, 1998.  Over the next several days, with help from an informant, the FBI and local police observed the two preparing for another bank robbery.  On December 22, 1998, the FBI intercepted them, with the informant, in a Jeep en route to robbing the Progress Bank in Conshohocken, Pennsylvania.  Agents found a handgun on Wilkerson's seat and a ski mask in his back pocket.

I.    Ineffective Assistance of Counsel

Sawyer raises a number of ineffective assistance of counsel claims.  He contends that his counsel was constitutionally ineffective for eliciting testimony revealing that Sawyer invoked his right to remain silent after his arrest, for not objecting to testimony by a Government witness labeling him a thief, and for failing to object to the jury charge on the  924(c) count.  However, we generally will not consider ineffective assistance of counsel claims on direct appeal because there has not been an evidentiary hearing in which to develop the facts and assess their significance in the context of the overall trial.  See United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998) (citing United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989)).  The record before us is clerally insufficient to address his ineffective assistance of counsel claims.  Sawyer can properly raise them in a petition for collateral relief under 28 U.S.C.   2255.

II.  Insufficient Evidence on the Attempt Charge

Sawyer and Wilkerson argue that the jury convicted them of attempted robbery of the Progress Bank on insufficient evidence.  The standard for overturning a jury's guilty verdict and entering a judgment of acquittal in its place is very high.  We must affirm the jury's verdict "if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt."  United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992).  In making that determination, we must "presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences."  United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987).

An attempt conviction in this case requires that Sawyer and Wilkerson acted with the intent to commit armed bank robbery and took a substantial step toward carrying out that intent.  See United States v. Cicco, 10 F.3d 980, 985 (3d Cir. 1993).  The evidence tended to show that Sawyer and Wilkerson "cased" the Progress Bank, told the Government informant about their intention to rob it, changed the license plate on their Jeep before driving to the bank, and were caught on the way to the bank with a ski mask and a gun.  A rational jury could easily have concluded that this evidence constitutes an attempted bank robbery.  See, e.g., United States v Crawford, 837 F.2d 339 (8th Cir. 1988) (a defendant who obtained a ski mask, gloves, weapon, and getaway car, visited the area of the bank he planned to rob, told others about his plan, and tried to start the vehicle in which he would drive to the bank, engaged in a "substantial step" supporting an attempted bank robbery conviction).  Thus, there is sufficient evidence to affirm the jury's verdict.

III. The Jury Instruction on Count Five

Sawyer and Wilkerson contend that the Court incorrectly instructed the jury on Count Five: the charge that they used or carried a firearm during and in relation to a crime of violence in violation of   924(c) when they attempted to rob the Progress Bank.  They argue that the Court did not explain clearly that the jury had to find that they committed a crime of violence as a prerequisite to a guilty verdict under   924(c), that the Court did not properly distinguish using a firearm from carrying one, and that it defined "carrying" too broadly.  Their trial counsel did not object to this instruction, so we review for plain error.  Government of Virgin Islands v. Fonseca, 274 F.3d 760, 765 (3d Cir. 2001).

First, we disagree that the jury instruction suggested that the jury could find the defendants guilty under   924(c) without an initial finding that they committed a crime of violence.  To the contrary, the Court stated clearly that an underlying crime of violence was the first element that the jury must find.  Second, the Court made a clear distinction between using and carrying a firearm, and it did not err by defining these terms once as to

both Counts Three and Five, rather than repeating itself unnecessarily.  Third, the Court did not define "carrying" too broadly because it limited the term to having the firearm available "to assist or aid in the commission of a crime of violence."  Cf. Muscarello v. United States, 524 U.S. 125, 137 (1998) (noting the limiting phrase "during and in relation to" a crime prevents liability for carrying a firearm from becoming liability for merely possessing it).

*   *   *   *   *

For these reasons, we affirm the District Court's judgment.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,



/s/ Thomas L. Ambro
Circuit Judg