**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2004**

Charles R. Fulbruge III
Clerk

REVISED APRIL 29, 2004
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
--------------------
No. 03-40444
--------------------

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

versus

BRYAN WORLEY BELLEW,
Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas, Sherman
--------------------

Before BENAVIDES, STEWART, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

In this direct criminal appeal, Bryan Worley Bellew, Appellant, challenges his conviction

of attempted bank robbery under 18 U.S.C. § 2113(a) and of carrying a firearm during the

attempted bank robbery under 18 U.S.C. § 924(c). For the reasons that follow, we reverse the

district court and remand the case with instructions for the district court to enter a judgment of

acquittal on both counts.

### I. Background

On the morning of April 5, 2002, Bellew entered the lobby of the First Independent

National Bank (the "Bank") in Plano, Texas. He was wearing what was described by Bank

employees as an "obvious wig" and he carried a briefcase. It was later determined that in the

briefcase Bellew was carrying a firearm, instructions he had written to himself on how to rob the

Bank, and a demand note. Upon entering the Bank, Bellew asked to speak with the manager. The receptionist told Bellew that the manager was busy and asked him to sit and wait. After waiting for a few minutes, Bellew left the Bank, advising a Bank employee that he would return. Upon Bellew's return, the manager was still unavailable. Bellew was told that he could meet with the manager that afternoon.

The Bank manager called the police after a Bank employee relayed an account of Bellow's suspicious activity. The police arrived and spoke with the manager at the rear of the bank. While speaking with the police, the manager observed Bellew walking toward the Bank.

Upon noticing the police, Bellew ran across the street to his vehicle. When confronted by the police at his vehicle, Bellew reached into his briefcase and retrieved a firearm. He promptly put the weapon to his own head.

After an approximately three-hour standoff with police, Bellew dropped his gun and kicked it away. Bellew was immediately taken into custody. While being interrogated by police, Bellew admitted that he had intended to rob the Bank.

Bellew was initially charged with attempted bank robbery in a one-count indictment. This indictment was later superseded by a two-count indictment adding a second count of carrying a firearm during an attempted bank robbery.

A jury convicted Bellew on both counts. Bellew moved for a judgement of acquittal. The district court denied the motion. Notice of appeal was timely filed.

The issue we resolve here was presented by Bellew as a claim of insufficiency of the evidence to support a conviction under the first count of the indictment, a violation of the first

2

paragraph of 18 U.S.C. § 2113(a).[1] The evidence supporting this count, however, is largely undisputed. The question, properly framed, is whether the relevant statutory language upon which the indictment is based requires an actual act of intimidation or only attempted intimidation for conviction. Bellew also alleges additional points of error. Because we hold that attempted intimidation is not sufficient for conviction under the segment of the statute relied upon in the indictment, and we reverse Appellant's conviction accordingly, we do not address any other aspect of Appellant's appeal.

## II. Analysis

### a. Standard of review

The district court's denial of a post-trial motion for a judgment of acquittal is reviewed *de novo*. *United States v. Greer*, 137 F.3d 247, 249 (5th Cir. 1998). The standard of review for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In this case, however, the lynchpin is the purely legal determination of whether a defendant must actually commit an overt act of intimidation to be convicted or whether attempted intimidation is sufficient. As such, a *de novo* standard applies. *See, e.g., Elder v. Holloway*, 510 U.S. 510, 516 (1994).

### b. The indictment

The first count of the superceding indictment charges in relevant part that Bellew "did by

[1] Bellew also argues that there is insufficient evidence to support his conviction on the weapon possession count. Because the weapon possession count is linked to the attempted bank robbery count, a judgment of acquittal as to the attempted bank robbery count necessitates a judgment of acquittal on the weapon possession count.

force, violence and intimidation, intentionally attempt to take from the person and presence of

another, money belonging to and in the care, custody, control, management and possession of [the

Bank]." This language tracks the first paragraph of 18 U.S.C. § 2113(a). Bellew was not

indicted under the second paragraph of Section 2113(a), though it appears that the facts would

have supported such a charge. Regardless of whether appellant could have been convicted under

the second paragraph, unless it was proved that he violated the required elements of the first

paragraph as charged in the indictment, the conviction must be overturned. *See, e.g., United*

*States v. McGhee*, 488 F.2d 781, 784-85 (5th Cir. 1974).

> Title 18, United States Code Section 2113(a) reads:
> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the
> person or presence of another, or obtains or attempts to obtain by extortion any property
> or money or any other thing of value belonging to, or in the care, custody, control,
> management, or possession of, any bank, credit union, or any savings and loan association;
> or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan
> association, or any building used in whole or in part as a bank, credit union, or as a
> savings and loan association, with intent to commit in such bank, credit union, or in such
> savings and loan association, or building, or part thereof, so used, any felony affecting
> such bank or such savings and loan association and in violation of any statute of the
> United States, or any larceny–
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
> 18 U.S.C.A. § 2113(a) (West 2003).

The government's theory of the case is that Bellew attempted[2] to use intimidation to take

---

[2] In general, two things must be proved to convict a defendant of an "attempt." "[F]irst, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt." *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001); *see also United States v. Mandujano*, 499 F.2d 370 (5th Cir. 1974). Bellew does not seriously contest that he attempted to steal money and that, had his plan not been thwarted, he would have used intimidation to do so.

money from the Bank. "The requirement of a taking 'by force and violence, or by intimidation' under section 2113(a) is disjunctive. The government must prove only 'force and violence' or 'intimidation' to establish its case." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). The use of force or violence was not alleged to have been attempted in this case, and the jury instructions, therefore, related only to intimidation.

"[I]ntimidation results when one individual acts in a manner that is reasonably calculated to put another in fear. Thus, from the perspective of the victim, a taking 'by intimidation' under section 2113(a) occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *Higdon*, 832 F.2d at 315. In its brief, the government did not point to any evidence that showed that Bellew committed any act of intimidation. At oral argument, the government conceded as much relying instead on the proposition that attempted intimidation is sufficient for conviction.

### c. Parsing the elements of 18 U.S.C. § 2113(a)

"In analyzing a statute, we begin by examining the text, not by psychoanalyzing those who enacted it." *Carter v. United States*, 530 U.S. 255, 271 (2000) (internal quotation and citations omitted). We, therefore, focus on the relevant text itself, the first paragraph of Section 2113(a). "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another..." 18 U.S.C.A § 2113(a) (West 2003).

One reading of the first paragraph of Section 2113(a) is that a defendant must actually commit an act of intimidation while wrongfully taking or attempting to take money from the presence of a person at a bank. That is, the attempt only relates to the taking, not the intimidation. Another reading, urged by the government, is that all that is required to violate the

5

statute is for a defendant to attempt to intimidate while attempting to rob a bank. The issue has been squarely addressed in published opinions in two circuits. Both circuits held that an attempt to intimidate was sufficient for conviction.

We find the "actual act of intimidation" reading to be the most natural reading of the text. This reading is supported by relevant binding case law. We, therefore, reject the opposing interpretation given this text by our sister circuits.

Lending support to the position that an actual act of intimidation is required for conviction is the way in which this Court has previously delineated the elements of a violation under paragraph one of Section 2113(a). "In order to prove a violation of 18 U.S.C. § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank, credit union, or savings and loan association." *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994); *see also United States v. Burton*, 126 F.3d 666, 670 (5th Cir. 1997); *United States v. Baker*, 17 F.3d 94, 96 (5th Cir. 1994); *United States v. Van*, 814 F.2d 1004, 1005-06 (5th Cir. 1987). The defendant in *McCarty* succeeded in actually removing the money from the bank and was charged with bank robbery, not attempted bank robbery. The distinction between attempted robbery and actual robbery, however, is irrelevant because the elements listed in *McCarty* include those of attempted bank robbery. Furthermore, the statute makes no such distinction.[3]

---

[3] The government also correctly notes, in arguing in favor of affirming the district court as to one of Bellew's other claims, that the Supreme Court, in a case discussing whether general or specific intent is required under the first paragraph of Section 2113(a), made no distinction between an attempted bank robbery and a consummated bank robbery. *See Carter*,

As the statute has been parsed in this circuit, we have no doubt that the government proved all but the second element. The fact remains, however, that Bellew did not use "force and violence or intimidation." As such, the government failed to prove the second element.

Supporting this parse of the elements, the Eighth Circuit approved of a district court's use of jury instructions including the following charge:

> "A taking, or an attempted taking, 'by intimidation' must be established by proof of one or more acts or statements of the accused which were done or made, in such a way or manner, and under such circumstances, as would produce in the ordinary person fear of bodily harm."

*United States v. Brown*, 412 F.2d 381, 384 n.4 (8th Cir. 1969) (quoting the district court's jury instruction, in turn quoting Mathes and Devitt, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 43.05 (1965)). Had the district court in this case instructed the jury in a similar fashion, requiring proof of one or more acts or statements, but only requiring an attempt as to the taking itself, Bellew would have been acquitted.[4]

Also supporting to the "actual act of intimidation" argument is a widely-cited district court opinion entered after a bench trial, *United States v. Baker*, 129 F. Supp. 684 (S.D. Cal. 1955). This opinion was relied upon by the Eighth Circuit in *Brown*. Without any citation to authority the district court noted that "[i]t is apparent that in [the first paragraph of 18 U.S.C. § 2113(a)]

---

530 U.S. at 269.

[4]    We note that the district court's instructions to the jury first went through the elements of bank robbery, removing altogether the attempt language from the elements. The district court then gave a separate general instruction on "attempts" indicating that an attempt to commit bank robbery was sufficient for conviction. In either an attempted or successful bank robbery, indicted under the first paragraph of Section 2113(a), we see no reason to deviate from the elements enumerated in *McCarthy*. The attempt portion of the instruction can be given as a definition much in the same way "knowingly" is defined in jury instructions in drug possession cases. This would allow for the integration of our case law regarding attempts with the only element of the crime to which attempt is relevant, the taking or attempted taking of money.

7

the 'attempt' relates to the taking and not to the intimidation" *Baker*, 129 F. Supp. at 686. The court convicted the defendant even though the defendant apparently did not attempt to intimidate anyone, but nonetheless actually did commit acts of intimidation against a teller, in a failed attempt to steal money from a bank.

### d. Legislative history and the addition of the second paragraph of Section 2113(a)

The second paragraph of Section 2113(a) was added by Congress in an effort to cover precisely the sort of events that occured in this case. "It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted [as the second paragraph of Section 2113(a)] to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime." *Prince v. United States*, 352 U.S. 322, 328 (1957).

While not dispositive, the addition of this paragraph implies that Bellew properly should have been charged under the second paragraph of Section 2113(a). This is all the more true in light of the fact that Congress intended the same punishment for a conviction under either paragraph. *See Prince*, 352 U.S. at 328; *see also Brown*, 412 F.2d at 383. In any case, the troubling result our interpretation of the first paragraph of Section 2113 creates, prohibiting conviction under the first paragraph of Section 2113 absent an actual act of intimidation, is obviated by the availability of the second paragraph covering such acts.

### e. The opposing interpretation of the first paragraph of Section 2113(a)

The only courts to have squarely addressed whether attempted intimidation is sufficient for conviction in a published opinion are the Second and Fourth Circuits. In *United States v. Jackson*, "relying on *United States v. Baker*, 129 F. Supp. 684 (S.D. Cal. 1955), [the defendant-appellant]

8

contend[ed] that since [Section 2113(a)] only mentions attempted taking and not attempted force, violence, or intimidation, it clearly contemplates that actual use of force, violence, or intimidation must precede an attempted taking in order to make out the offense of attempted bank robbery." *United States v. Jackson*, 560 F.2d 112, 116 (2d Cir. 1977).[5] The court rejected this contention based upon an earlier Second Circuit panel opinion, *United States v. Stallworth*, 543 F.2d 1038 (2d Cir. 1976).

In *Stallworth*, the court called similar logic "wooden," though that characterization was apparently in the context of the second paragraph of Section 2113(a). *See* 543 F.2d at 1040. The defendants in *Stallworth* claimed that they were guilty of conspiracy, but not of entering a bank with intent to steal because they were foiled before they entered the bank. Whether the Second Circuit panel in *Jackson* misapplied *Stallworth*, the *Jackson* panel did explicitly reject the idea that attempted intimidation was insufficient. The panel did this, however, without analyzing the text of Section 2113(a).

Likewise without analyzing the relevant text of the statute, the Fourth Circuit followed the Second Circuit's *Jackson* opinion, and held that attempted use of force is sufficient for conviction under Section 2113(a), and that actual use of force is not required. *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984).[6]

---

[5] The *Jackson* defendants apparently were indicted only under the first paragraph of Section 2113(a).

[6] It should also be noted that the Eighth Circuit, relying on *McFadden*, affirmed a conviction where, pursuant to a tip, the police thwarted an attempted burglary while the defendants were outside of the bank because the defendants had taken substantial steps toward completing their crime. *United States v. Crawford*, 837 F.2d 339, 340 (8th Cir. 1988). The issue of whether actual force or intimidation is required to convict under the first paragraph of Section 2113(a) was not raised by the defendants. This may be because they were probably charged under the second paragraph of Section 2133(a). Therefore, while the Eighth Circuit did rely on the

We note that the availability of the second paragraph of Section 2113(a) for use in cases similar to that presented here likely explains why only two reported cases deal with the first paragraph in similar circumstances, the most recent reported twenty years ago. While we acknowledge creating a circuit split, and do so hesitatingly, we trust that the prospective impact of the split will be minimal to non-existent because the availability of the second paragraph of Section 2113(a) would allow for a conviction under the facts presented here. Unfortunately for the government, the indictment did not charge an offense under the second paragraph.

### III. Conclusion

The issue presented in this case has only been addressed directly in two published opinions in our sister circuits, both of which held that attempted intimidation or attempted force is sufficient for conviction. In those opinions, however, there is no analysis of the text of the statute itself. A natural reading of the text of the statute, considered along with opinions of this and other courts lending support to the reading, and the legislative history – as interpreted by the Supreme Court – indicating that Congress added the second paragraph to the statute to cover this type of circumstance, all serve to indicate that the statute requires more than attempted intimidation for conviction.

Accordingly, we must reverse Appellant's conviction and remand this case to the district court for entry of a judgment of acquittal on the first count of the superseding indictment. Because Bellew's conviction on the second count, carrying a weapon while committing the attempted bank robbery, necessarily hinges on his conviction of attempted bank robbery, we also must reverse and instruct the district court to enter a judgment of acquittal as to the second count.

substantial step analysis used in *McFadden*, the Eighth Circuit did not follow the holding that only attempted intimidation needs to be proved for conviction of attempted bank robbery.

10

REVERSED and REMANDED with instructions for entry a judgment of acquittal as to both counts.