**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS LANE GOFF,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-31-ALL
- - - - - - - - - -

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dennis Lane Goff appeals his convictions, following a jury trial, of five counts of shipping or transporting visual depictions of minors engaging in sexually explicit conduct, nine counts of receiving such depictions, and one count of possession of such depictions, in violation of 18 U.S.C. § 2252(a)(1), (a)(2), and (b)(4)(A).  The court sentenced Goff to concurrent 120-month prison terms and concurrent three-year terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.

Goff contends that the trial evidence was insufficient to support any of his convictions. The standard for reviewing a claim of insufficient evidence is whether, "'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt.'" United States v. Bellew, 369 F.3d 450, 452 (5th Cir. 2004) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Review of the sufficiency of the evidence does not include review of the weight of the evidence or of the credibility of the witnesses. United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

Goff contends that the evidence was insufficient to support his shipping or transporting convictions. Goff does not deny that, in 1999 and 2000, e-mails with attachments containing visual depictions of minors engaging in sexually explicit conduct were sent from "screen names" registered by Goff to his e-mail account with America Online ("AOL"). He argues, however, that because Government agents failed to find such depictions on the hard drive of his computer, such convictions cannot stand. There is nothing in the statutory language of 18 U.S.C. § 2252(a)(1) or in decisional authority addressing either that statute or its legally identical counterpart, 18 U.S.C. § 2252A, to support such an evidentiary requirement. As the Government suggests, the

trial evidence was sufficient to support a jury finding that Goff had received e-mails with attachments containing depictions of minors engaging in sexually explicit conduct, and that he had looked at the attachments, closed the attachments, and forwarded the e-mails to other AOL subscribers.  See Bellew, 369 F.3d at 452.

In a similar contention, Goff argues that the evidence was insufficient to prove that he had received depictions of minor engaging in sexually explicit conduct.  He maintains that the evidence did not show that he "downloaded" any depictions he might have received via e-mail onto his hard drive or onto computer disks.  The evidence did show, however, that screen names registered by Goff received e-mail attachments with such visual depictions and that such e-mails bore titles and text like "yngorgy," "I like young teen fems," "have plenty keep replying," "veryverybarelylegal," "traders for young," "young," and "young girls only."  We have held that similar evidence, irrespective of direct evidence that the defendant had actually looked at the depictions, supported an inference that a defendant knew he was receiving child pornography.  See United States v. Payne, 341 F.3d 393, 403-04 (5th Cir. 2003).

Goff maintains that the evidence was insufficient to support his conviction of possession of visual depictions of minors engaging in sexually explicit conduct.  Although he acknowledges that more than 1,000 such depictions were stored on the hard

drive of his computer, he maintains that evidence of the placement, in May 2003, of a "Sub 7 Trojan" program on his hard drive meant that anybody could have been using his computer to store and view such depictions without his knowledge. Goff also asserts that the stepson and brother of Sherry Hobbs, with whom Goff lived during 2001 and 2002, had access to his computer. Although Government witnesses agreed that a computer hacker could theoretically use the Sub 7 Trojan to control almost all of Goff's computer functions, there was no evidence to show that the Sub 7 Trojan had actually been used. Moreover, it was not disputed that it was very unlikely that a hacker would choose Goff's computer, which had only dial-up Internet access, to exploit a Sub 7 Trojan, because, in comparison to a computer with broadband or high-speed access, a dial-up connection was extremely slow and was available only when the victim logged onto the Internet. There was no evidence that Sherry Hobbs's stepson had access to Goff's computer, and Hobbs testified that her brother used the computer only to play Fantasy Football and that he knew very little about computers. Finally, Goff's ex-wife, Patricia Vanderburgh, testified that, shortly after Goff had visited her home and used her computer on an occasion in early 2004, she discovered that he had forgotten to close his e-mail account and that the account's in-box contained e-mails with child pornography. The evidence was sufficient to support Goff's conviction of possession of visual depictions of minors engaging

in sexually explicit conduct.  See United States v. Runyan, 290 F.3d 223, 242-43 (5th Cir. 2002).

Goff contends that the district court erred in admitting prejudicial evidence, in violation of FED. R. EVID. 404(b), that: (1) he had choked Hobbs on one occasion; (2) he had possessed a copy of a magazine called "Barely Legal"; and (3) he had once told Hobbs that a 12-year-old girl who was sleeping on the family sofa "turned him on."  We review the admission of Rule 404(b) evidence for abuse of discretion.  See United States v. Bentley-Smith, 2 F.3d 1368, 1377 (5th Cir. 1993).  Hobbs's testimony that Goff had once choked her was admitted into evidence only after Goff had "invited" any such error by cross-examining Hobbs about statements that she had kicked Goff out of her home and never wanted to see him again.  See United States v. Green, 272 F.3d 748, 754 (5th Cir. 2001).  Goff's attempt to show that Hobbs was biased against him opened the door to the Government to ask Hobbs about the reasons for any bias.  See United States v. Austin, 774 F.3d 99, 102 (5th Cir. 1985).

The admission of testimony that Goff possessed a magazine called "Barely Legal" was not an abuse of discretion.  Bentley-Smith, 2 F.3d at 1377.  Even if such magazine was adult, legal pornography, it is implicit in the magazine's title that its photographic subjects will be as close in age to being "illegal" as the First Amendment permits, and the magazine was relevant to showing that Goff had a "knowing interest in child pornography."

See <u>United States v. Layne</u>, 43 F.3d 127, 134 (5th Cir. 1995) (upholding admission of "exhibit featur[ing] a woman dressed up as a child wearing pigtails and roller skates, which was referred to by the district court as 'simulated child pornography'"). The district court did not abuse its discretion in admitting Hobb's testimony that Goff had once told her that he was "turned . . . on" by a sleeping 12-year-old girl in his home. The court properly contrasted this evidence to the admission of violent and disturbing "narratives" involving the sexual abuse of children, which was held to be reversible error in <u>United States v. Grimes</u>, 244 F.3d 375, 383-85 (5th Cir. 2001). In the cases of both the magazine and story about the sleeping girl, the court issued careful limiting instructions that minimized the possibility of prejudice to Goff. See <u>United States v. Willis</u>, 6 F.3d 257, 262-63 (5th Cir. 1993).

Goff's convictions are AFFIRMED.