# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2010

No. 09-50443
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES WESLEY MCBROOM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2466-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 1995, James Wesley McBroom was convicted for indecency with a child under TEX. PENAL CODE § 21.11(a)(1). On three occasions following his conviction, McBroom was notified that he must register under Texas law as a sex offender when moving to a new address. In 2008, McBroom moved to Illinois

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without registering and subsequently was convicted for violation of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq*.

McBroom contends: the Government failed to prove, as required under 18 U.S.C. § 2250, that he knew of SORNA's specific registration requirements; his due-process rights were violated because no State has implemented SORNA; such rights were also violated because he was not given notice under SORNA of his duty to register; and, Congress lacked authority under the Commerce Clause to enact SORNA.

McBroom preserved his sufficiency-of-the-evidence claim by pleading not guilty at his bench trial. *United States v. Rosas-Fuentes*, 970 F.2d 1379, 1381 (5th Cir. 1992) (citing *United States v. Pitts*, 428 F.2d 534, 535 (5th Cir. 1970)). Therefore, our review determines "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "In applying this standard, we view the evidence in the light most favorable to the prosecution and accept all reasonable inferences that tend to support the verdict." *United States v. Broadnax*, 601 F.3d 336, 343 (5th Cir. 2010) (quoting *United States v. Ekanem*, 555 F.3d 172, 174 (5th Cir. 2009)). McBroom's claim also encompasses a challenge to the district court's statutory construction of SORNA as a general-intent law; this contention, of course, is reviewed *de novo*. *E.g.*, *United States v. Quintana-Gomez*, 521 F.3d 495, 496 (5th Cir. 2008) (citing *United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005)).

*United States v. Whaley*, 577 F.3d 254, 262 n.6 (2009), rejected McBroom's construction of SORNA as a specific-intent law. *See also United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1686 (2010). Therefore, the Government was only required to prove McBroom knew he had an obligation to register as a sex offender and failed to do so. Because McBroom stipulated to

receiving notice under Texas law of this obligation, he has not shown that a rational trier of fact could not have found beyond a reasonable doubt that he "knowingly fail[ed] to register or update a registration as required by [SORNA]", 18 U.S.C. § 2250.

McBroom also contends:  because Texas has not implemented SORNA, it was impossible to comply with SORNA's registration requirements; therefore, conviction for failure to do an impossible act violated his due-process rights, *see United States v. Dalton*, 960 F.2d 121, 124 (10th Cir. 1992).  Review of constitutional questions is *de novo.  E.g., United States v. Valles*, 484 F.3d 745, 758 (5th Cir. 2007).  McBroom's claim, however, is foreclosed by *United States v. Heth*, 596 F.3d 255, 259 (5th Cir. 2010) (holding registration with State, regardless of whether State registry satisfied SORNA's administrative requirements, satisfied SORNA's individual registration requirement; therefore, defendant was "not convicted of failing to do the impossible").

Additionally, McBroom contends: Congress lacked constitutional authority to enact the provisions of SORNA; and, his due-process rights were violated because he did not have actual notice of SORNA's requirements.  McBroom concedes these contentions are foreclosed by our precedent, *see Whaley*, 577 F.3d at 260-62, and raises them only in order to preserve them for possible review by the Supreme Court.

AFFIRMED.