**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN MARVELL JACKSON,

    Defendant - Appellant.

No. 23-7080
(D.C. No. 6:20-CR-00134-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Kevin Marvell Jackson appeals his convictions and sentence for felony murder (Count One), robbery in Indian country (Counts Two and Three) and using a firearm in connection with a crime of violence resulting in death (Count Four). He was sentenced to life in prison. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we remand with instructions for the district court to vacate one of Mr. Jackson's convictions on Counts One, Two, or Three. We otherwise affirm.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Factual History*

Bradley Dillon and Dakota Berryhill decided to prank Mr. Dillon's girlfriend by calling and telling her they had won $10,000 at a casino.  They then drove to the girlfriend's house.  Mr. Berryhill waited in the car while Mr. Dillon went inside.  A masked man later identified as Mr. Jackson opened the car door, pointed a gun at Mr. Berryhill, and demanded the $10,000.  Mr. Berryhill said he had no winnings, and Mr. Jackson forced him into the house.  When Mr. Jackson realized the two men did not have the $10,000, he decided to take them to an ATM and started leading them at gunpoint to Mr. Berryhill's car.  Mr. Berryhill jumped into the car and drove off.  Mr. Jackson "just looked around and then he shot Bradley [Dillon]," who died of his wounds.  ROA, Vol. III at 212.

### B.  *Procedural History*

#### 1.  Indictment

A superseding indictment charged Mr. Jackson with:

> **Count One:**  Murder of Bradley Dillon in Indian country in perpetration of robbery under 18 U.S.C. § 1111(a).
>
> **Count Two:**  Robbery of Bradley Dillon in Indian country under 18 U.S.C. § 2111.
>
> **Count Three:**  Robbery of Dakota Berryhill in Indian country under 18 U.S.C. § 2111.
>
> **Count Four:**  Using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence resulting in the death of Bradley Dillon under 18 U.S.C. §§ 924(c)(1)(A), (j).

2

2.  **Jury Instructions**

The district court instructed the jury that:

> Mr. Jackson was guilty of felony murder if, among other
> elements, he "caused the death of Bradley Dillon . . . as a
> consequence of, and while the defendant was knowingly
> engaged in robbing or attempting to rob Bradley Dillon and/or
> Dakota Berryhill."  ROA, Vol. I at 334.

> Mr. Jackson was guilty of robbery in Indian country if, among
> other elements, he "[1] by force violence or intimidation . . .
> [2] did take or attempt to take from the person or presence of
> [each victim] anything of value."  *Id.* at 336-37.

> Felony murder and robbery in Indian country are crimes of
> violence under § 924(c)(3)(A).

> "You should try to reach an agreement if you can."  *Id.* at 343.
> It told jurors "not [to] give up [their] honest beliefs solely
> because the others think differently, or merely to get the case
> over with."  *Id.*  "The decisions you reach in the jury room must
> be unanimous.  You must all agree."  *Id.*; *see also id.* at 348
> ("As I have mentioned, the decisions you reach must be
> unanimous.  You must all agree.").[1]

> It was permitted to communicate with the court through written
> notes.

Before excusing the jury to begin deliberations, the court explained how it would

likely respond to common questions:

> Often your message will be a question about the law or the
> evidence.  Ninety percent of the time, after I have consulted
> with counsel, the response I give to your question is:  "You
> have all of the law and evidence necessary for you to reach

---

[1] The Tenth Circuit duty-to-deliberate pattern instruction reads, "To reach a
verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be
unanimous on each count of the indictment."  Tenth Cir. Crim. Pattern Jury Inst. No.
1.23.

3

your verdicts." I'm telling you this now, not to discourage you from sending me a written question, but so that you will not be surprised or annoyed at the answer you ultimately receive.

*Id.* at 347.

The court also instructed that the jury should not disclose in any notes to the court "how you stand as to your verdicts." *Id.* at 346. "For instance, if you are split '6-6' or '8-4'—do not tell me that in your note." *Id.*

### 3. Response to Jury Note

During deliberations, the jury asked the court, "Can we have the names of the individuals that correspond with the phone numbers in government exhibit 33." *Id.* at 351.

The court consulted with the prosecutor and defense counsel, who agreed that the court need not provide any further information to the jury. The court asked the parties for advice on whether it should "just say no" or provide its "stock answer of, 'You have all of the law and evidence necessary for you to reach a decision.'" *Id.* at 739. The prosecutor suggested the court instruct the jury to rely on their collective memories. Defense counsel said, "I think it is at the Court's discretion." *Id.*

The court told the jury, "You have all of the evidence necessary for you to reach a verdict." *Id.* at 351.

### 4. Verdict, Convictions, and Sentencing

The jury found Mr. Jackson guilty on all four counts. The court sentenced him to life in prison on Count One, 180 months in prison on Count Two, 180 months in prison

4

on Count Three, and life in prison on Count Four. All sentences were set to run concurrently.

## II. **DISCUSSION**

Mr. Jackson failed to raise in district court the arguments he presents on appeal, so we review for plain error. Fed. R. Crim. P. 52(b). To prevail, Mr. Jackson must show (1) an error that (2) was plain, (3) affected his substantial rights, and (4) undermined the integrity, fairness, or public reputation of judicial proceedings. *E.g.*, *Greer v. United States*, 593 U.S. 503, 507-08 (2021). At the second step, Mr. Jackson must demonstrate that any error was "so clear or obvious that it could not be subject to any reasonable dispute." *United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016). At the third step, he must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer*, 593 U.S. at 507-08 (quotations omitted).

Mr. Jackson argues that:

(A) The district court's instructions on the duty to deliberate and its response to the jury note improperly precluded the possibility of a hung jury. We disagree because the jury was not misled.

(B) Punishing him for his felony murder conviction and two robbery convictions violates the Double Jeopardy Clause. We agree that one (but only one) of those three convictions must be vacated.

(C) Neither felony murder nor robbery in Indian country is a crime of violence under 18 U.S.C. § 924(c). We affirm because Mr. Jackson has not shown that robbery in Indian country is not a crime of violence under plain error review.

5

A. *Jury Instructions and Note*

We review jury instructions de novo "to determine if they accurately state the governing law." *United States v. Freeman*, 70 F.4th 1265, 1278 (10th Cir. 2023) (quotations omitted). "[A] trial judge is given substantial latitude and discretion in tailoring and formulating the instructions so long as they are correct statements of law and fairly and adequately cover the issues presented." *United States v. Woodmore*, 127 F.4th 193, 210 (10th Cir. 2025) (quotations omitted). "Typically, [t]he appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled." *Id.* at 209 (quotations omitted).

Mr. Jackson contends that the district court erred by precluding the possibility of a hung jury when it instructed that "[y]ou must all agree." Aplt. Br. at 10 (quoting ROA, Vol. I at 343, 348). He says this amounted to "a free-floating mandate to agree with one another under all circumstances." *Id.* at 11. We disagree.

When the court instructed that "[t]he decisions you reach in the jury room must be unanimous" and "[y]ou must all agree," ROA, Vol. I at 343, it properly told the jury that, to reach a "decision," everyone must agree. *See* Fed. R. Crim. P. 31(a) ("The verdict must be unanimous."). The court also told the jury to reach an agreement "if you can" and not to give up their honest beliefs, ROA, Vol I. at 343, and acknowledged there could be "split" votes, *id.* at 346, which could allow for a hung jury. These instructions thus conveyed that it might not be possible to reach agreement. We find no error, let alone plain error.

6

Mr. Jackson also argues the district court interfered with the jury's factfinding role when, in response to the jury note, it said the jurors had "all of the evidence necessary . . . to reach a verdict." *Id.* at 351. He contends that, because only a guilty verdict requires evidence, the court's response "implied that the verdict would be guilty." Aplt. Br. at 13. But this argument overlooks context.

Before excusing the jury to deliberate, the district court told the jury its usual response to jury questions: "You have all of the law and evidence necessary for you to reach your verdicts." ROA, Vol. I at 347. When the jury later asked a question via its note, the court responded, "You have all of the evidence necessary for you to reach a verdict." *Id.* at 351. The response did not imply that the jury should find Mr. Jackson guilty.

## B. *Double Jeopardy*

The Double Jeopardy Clause generally prohibits multiple punishments for the same offense. *See, e.g.*, *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Mr. Jackson argues his two robbery convictions (Counts Two and Three) impermissibly punish him for the same offense as his felony murder conviction (Count One). We agree with Mr. Jackson that the district court infringed his double jeopardy protection, but we hold that only one of Counts One, Two, or Three must be vacated under the Double Jeopardy Clause.

### 1. Legal Background

When an indictment charges a defendant under separate statutes for the same conduct, the test from *Blockburger v. United States*, 284 U.S. 299 (1932), determines whether the crimes are the "same offense" for double jeopardy purposes. Courts ask

whether each crime "requires proof of an additional fact which the other does not." *Id.* at 304. If not, double jeopardy bars separate punishments. *See id.*; *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).

Under the *Blockburger* test, known as the "same elements test," *United States v. Pearson*, 203 F.3d 1243, 1268 (10th Cir. 2000), when one offense is a lesser-included offense of another, the two are the same because only the latter offense requires proof of a fact that the other does not. *See Rutledge v. United States*, 517 U.S. 292, 297-300, 307 (1996); *United States v. Dixon*, 509 U.S. 688, 698 (1993); *Harris v. Oklahoma*, 433 U.S. 682, 682 (1977) (per curiam); *see also Steele v. Young*, 11 F.3d 1518, 1523 (10th Cir. 1993). Robbery in Indian country is a lesser-included offense of felony murder in perpetration of robbery. *United States v. Chalan*, 812 F.2d 1302, 1316-17 (10th Cir. 1987).

2. **Analysis**

Mr. Jackson argues that punishing him for felony murder under Count One and for robbery under both Counts Two and Three violates double jeopardy. Because Mr. Jackson failed to raise any double jeopardy argument in district court, we review for plain error. *See United States v. Wells*, 38 F.4th 1246, 1256-58 (10th Cir. 2022).

In its brief, the Government conceded that Count Two should be vacated but urged us to affirm as to Count Three. Aplee. Br. at 22. At oral argument, the Government changed course and conceded that both robbery counts should be vacated because the jury instructions on Count One said that proof of "either robbery of [Mr. Dillon] and/or Mr. Berryhill would suffice" for the conviction of felony murder. Oral Arg.

8

at 11:31-12:03. We disagree with the scope of the Government's oral argument concession.

"[P]arties cannot compel us to reverse (or modify) a district court's determination by stipulation." *United States v. Furman*, 112 F.3d 435, 438 n.2 (10th Cir. 1997) (quotations omitted). Thus, "we must still conduct our own independent review of the record to determine whether this case should be remanded," *United States v. Duran*, 133 F.3d 1324, 1329 (10th Cir. 1998), because "courts have a duty to examine whether there has been an error of law by a lower court, even when error is confessed by the government," *United States v. Hoyle*, 697 F.3d 1158, 1167 n.4 (10th Cir. 2012) (citing *Young v. United States*, 315 U.S. 257, 258-59 (1942)).

As previously noted, (1) felony murder in perpetration of robbery and (2) robbery are the same offense under *Blockburger*. *Chalan*, 812 F.2d at 1316-17. If Mr. Jackson had robbed only Mr. Dillon and thereby caused his death, he could be punished for felony murder or for robbery, but not for both. *See McElrath v. Georgia*, 601 U.S. 87, 91 n.1 (2024) (recognizing the predicate offense "merged into the felony-murder conviction"). But Mr. Jackson robbed Mr. Dillon and Mr. Berryhill, two separate crimes under 18 U.S.C. § 2111. *See United States v. Dixon*, 273 F.3d 636, 642 (5th Cir. 2001). Either could serve as the predicate offense for felony murder.

Because the felony murder conviction required proof of at least one count of robbery, we agree with the parties that he plainly cannot be punished for (1) felony

murder and (2) *both* robbery counts.[2]  But we find no error, plain or otherwise, in convicting and sentencing Mr. Jackson for felony murder and one of the two robbery counts.

Mr. Jackson's felony murder conviction included a robbery as a lesser-included offense, yet he was indicted and convicted of two robberies.  ROA, Vol. I at 170-71 (superseding indictment), 334-37 (jury instructions), 354-55 (verdict).  Unless conviction of the greater offense "necessarily involve[s] proof" of the lesser offense, the two offenses are not the "same offense" for double jeopardy purposes.  *Illinois v. Vitale*, 447 U.S. 410, 417 (1980).  Mr. Jackson's conviction on Count One necessarily proves only that he committed one robbery offense.  It follows that only one count of robbery is the "same offense" as the felony murder.  *See Neville v. Butler*, 867 F.2d 886, 889 (5th Cir. 1989) (explaining that double jeopardy "does not invalidate convictions of both felony murder and a felony arising out of the same occurrence where it is shown that another separate felony could have served as the predicate offense underlying the felony murder conviction").[3]

---

[2] This plain error affects Mr. Jackson's substantial rights as well as the integrity, fairness, or public reputation of judicial proceedings.  *See, e.g.*, *United States v. Dunn*, 777 F.3d 1171, 1176 (10th Cir. 2015) (reversing *Blockburger* error on plain error review).

[3] In *Jimenez v. Sessions*, 893 F.3d 704 (10th Cir. 2018), this court noted the double jeopardy rule applied in Colorado courts when more than one offense may be a predicate: "that offense which serves as the primary predicate should merge into the felony murder charge, and the judgments of conviction for the remaining offenses should exist independently of the felony murder conviction." *Id.* at 715-16 (quoting *People v. Arrington*, 843 P.2d 62, 67 (Colo. App. 1992)); *see also State v. Coleman*, 587 S.E.2d 889, 897 (N.C. Ct. App. 2003) ("[W]here there are multiple felony convictions which

The remedy for a double jeopardy violation based on punishments for the same two offenses under *Blockburger* is to remand for the sentencing court to "exercise its discretion to vacate one of the underlying convictions." *Ball v. United States*, 470 U.S. 856, 864 (1985). In light of the foregoing analysis, we remand for the district court to vacate either Count One, Two, or Three.[4]

## C. *Crime of Violence*

Mr. Jackson was convicted of using a firearm during a "crime of violence" resulting in the death of Mr. Dillon (Count Four). 18 U.S.C. § 924(c)(1)(A), (j). The district court instructed the jury that both felony murder and robbery in Indian country are crimes of violence under § 924(c)(3)(A). On appeal, Mr. Jackson argues neither offense is a crime of violence. Because Mr. Jackson cannot show plain error, we affirm.

### 1. **Legal Background**

Under § 924(c)(3)(A) a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." To determine whether a felony satisfies this definition, we apply the categorial approach. *United States v. Baker*, 49 F.4th 1348, 1355 (10th Cir. 2022). We ask whether "the elements of the offense are of the type that would justify its inclusion" as a crime of

---

could serve as the underlying felony for purposes of the felony murder conviction, it is in the discretion of the trial court as to which felony will serve as the underlying felony for purposes of sentencing."). We find this approach persuasive and consistent with our disposition.

[4] We include both robbery counts because the verdict did not reveal whether the jury relied on Count Two, Count Three, or both as the predicate for felony murder.

violence, "without inquiring into the specific conduct of [a] particular offender." *Id.* (quotations omitted). We therefore ask whether the felony at issue "always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845, 850 (2022).

A person is guilty of robbery in Indian country if he "by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value." 18 U.S.C. § 2111. We have twice held in unpublished cases that robbery in Indian country is a crime of violence under § 924(c)(3)(A). *See United States v. Shirley*, 808 F. App'x 672, 677 (10th Cir. 2020) (unpublished); *United States v. Clark*, 815 F. App'x 302, 307 (10th Cir. 2020) (unpublished).[5] Both concluded that the force or threatened force minimally necessary to commit a § 2111 offense satisfies § 924(c)(3)(A)'s "physical force" requirement. The cases did not address § 2111's "attempts to take" clause.

In *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). 596 U.S. at 851-52.[6] Completed

---

[5] We cite unpublished cases as persuasive under Fed. R. App. P. 32.1(A) and 10th Cir. R. 32.1.

[6] The Hobbs Act provides that a person is guilty if he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951(a). The statute defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of

Hobbs Act robbery requires at least "threatened force," 18 U.S.C. § 1951(b)(1), but attempted Hobbs Act robbery requires only (1) intent to rob and (2) a "substantial step" towards the completed crime, *Taylor*, 596 U.S. at 851. Attempted Hobbs Act robbery at least requires taking a substantial step towards threatened force, such as by walking into a store with a threatening note intended for the store clerk. *Id.* at 852. The Court held that, because intending to deliver a threatening note without actually delivering it does not require the use of force, the attempted use of force, or the threatened use of force, attempted Hobbs Act robbery is not a crime of violence. *Id.*

2. **Analysis**

   a. *Robbery in Indian country*

   Mr. Jackson does not dispute that *Shirley* and *Clark* correctly determined that taking property "by force and violence, or by intimidation" under § 2111 necessarily involves the use, attempted use, or threatened use of physical force within the meaning of § 924(c)(3)(A). But he contends that *Taylor* (decided after *Shirley* and *Clark*) compels us to hold that "attempted robbery in Indian Country" is not a crime of violence, Aplt. Br. at 17. This argument draws from the words "takes or attempts to take" in § 2111. Consistent with this language, the district court instructed the jury to find Mr. Jackson guilty of robbery if he either took or attempted to take property from the victims.

---

actual or threatened force, or violence, or fear of injury, immediate or future." *Id.* § 1951(b)(1).

The question is whether "attempt[ing] to take" property under § 2111 necessarily requires the use, the attempted use, or the threatened use of force. Unlike the Hobbs Act, which sets out the elements of a completed offense and then adds "or attempts or conspires so to do," 18 U.S.C. § 1951(a), § 2111 refers to someone who "takes or attempts to take" property "by force and violence, or by intimidation." It is reasonable to read "by force and violence, or by intimidation" in § 2111 as modifying both "takes" and "attempts to take." On that reading, a person violates § 2111 regardless of whether he takes or attempts to take property, but either way the person must have acted "by force and violence, or by intimidation." Under plain error review, because this reading is not clearly or obviously wrong and would qualify § 2111 as a crime of violence under *Shirley* and *Clark*, Mr. Jackson cannot show that any error was plain without authority to the contrary.

Mr. Jackson cites no cases interpreting § 2111, and circuits are split over how to interpret similar language in the federal bank robbery statute, 18 U.S.C. § 2113(a), which applies to a person who "by force and violence, or by intimidation, takes, or attempts to take" property. Several circuits have held that § 2113(a) "criminalize[s] *only* attempts that occur 'by force and violence, or by intimidation.'" *United States v. Armstrong*, 122 F.4th 1278, 1290-91 (11th Cir. 2024); *accord United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008); *United States v. Bellew*, 369 F.3d 450, 453-54 (5th Cir. 2004); *United States v. Brown*, 412 F.2d 381, 383 (8th Cir. 1969). Other circuits have held that a person can violate § 2113(a) by merely taking a substantial step towards using force, violence, or intimidation. *See United States v. Stallworth*, 543 F.2d 1038, 1040-41

14

(2d Cir. 1976); *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984); *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005); *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990).

Absent an on-point Tenth Circuit or Supreme Court decision, "a district-court ruling will survive plain-error review if it appears that other circuits are divided on the issue." *United States v. Martinez-Torres*, 795 F.3d 1233, 1242 (10th Cir. 2015). The text of § 2111, the absence of controlling Tenth Circuit or Supreme Court precedent, and the circuit split regarding the meaning of § 2113(a) precludes a finding of plain error here.[7]

b. *Felony murder*

Mr. Jackson also argues that felony murder is not a crime of violence. The jury instructions on Count Four provided that Mr. Jackson was guilty if he (1) committed either the felony murder or robbery of Mr. Dillon and (2) knowingly used, carried, brandished, or discharged a firearm (3) during and in relation to either of those offenses, (4) resulting in Mr. Dillon's death. But even if felony murder is not a crime of violence, any instructional error by including felony murder as a possible crime-of-violence offense for Count Four did not prejudice Mr. Jackson because the jury convicted

---

[7] Criminal statutes often list conduct in the disjunctive. *See, e.g.*, 18 U.S.C. § 2111 (prohibiting "tak[ing] or attempt[ing] to take" property). Under the modified categorical approach, a court must determine whether the disjunctive clauses "define multiple crimes" or whether they instead "enumerate[] various factual means of committing a single element." *Mathis v. United States*, 579 U.S. 500, 505-06 (2016).

Neither party briefs whether § 2111 is divisible. We need not decide because our analysis applies whether "tak[ing] or attempt[ing] to take" in § 2111 are elements or means.

15

Mr. Jackson of two robbery offenses that are not plainly improper § 924(c) predicates under our foregoing analysis. Mr. Jackson therefore cannot satisfy prong three of plain error review. *See Greer*, 593 U.S. at 510-11 (explaining that under prong three, a defendant must show that "there is a reasonable probability that, if the jury had been given the proper . . . instruction, [the defendant] would have been acquitted"); *see also United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (holding that even if it was erroneous to instruct the jury that both conspiracy and armed bank robbery were crimes of violence, any error was harmless because armed bank robbery is a crime of violence and "the jury convicted both defendants on both bank-robbery counts").

## III. **CONCLUSION**

We remand with instructions to vacate one of Mr. Jackson's convictions on Counts One, Two, or Three. We otherwise affirm.[8]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[8] We grant Mr. Jackson's unopposed motion to supplement the record.