United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50272

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH DOUGLAS DENTLER,

Defendant-Appellant.

_____

On Appeal from the United States District Court for the
Western District of Texas, San Antonio Division
No. 5:05-cr-00212-FB-ALL

_____

Before DAVIS, DENNIS, and PRADO, Circuit Judges.

DENNIS, Circuit Judge:

Defendant Hugh Douglas Dentler was indicted for and convicted of federal bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him to 240 months of imprisonment. Dentler now appeals both his sentence and his conviction. He argues that the indictment was insufficient, because it failed to state a necessary element of the charged crime, and that the

1

instructions given to the jury worked an impermissible constructive amendment. He also argues that the district court incorrectly held that his crime constituted a crime of violence and therefore improperly increased his sentence range under the Guidelines. For the reasons discussed below, we AFFIRM his conviction, but VACATE his sentence and REMAND the case for resentencing.

**I.**

Dentler was indicted for federal bank robbery in violation of 18 U.S.C. § 2113(a). That statute imposes a maximum sentence of twenty years on anyone who

> . . . by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> . . . enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United

States, or any larceny[.]

By contrast, the single count in Dentler's indictment alleged that he

> did attempt to enter Texstar Bank and the building used in whole or in part as a bank, with the intent to commit the felony offense of robbery, by taking and attempting to take from the person or presence of another, money belonging to and in the care, custody, control, management, and possession of the Texstar Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. Section 2113(a).

Dentler moved to dismiss the indictment, urging that it failed to state an offense under the statute because it failed to charge either (1) that the attempted taking involved force, violence, or intimidation or (2) that his intended felony affected the bank. At the close of the jury trial, his counsel objected to the jury instructions on the grounds that the indictment confused the two separate crimes defined under section 2113(a), depriving him of notice as to which provision he was expected to defend against. The objection was overruled, and the jury found Dentler guilty.

At sentencing, the district court held that Dentler's

3

conviction constituted a crime of violence and, as a result, labeled Dentler a career offender under U.S.S.G. § 4B1.1. As a result, Dentler's offense level rose from 29 to 32, and his resulting advisory guideline sentence range rose from 140-175 months to 210-262 months. Dentler ultimately received a sentence of 240 months of imprisonment, the statutory maximum for the offense. He timely appeals, challenging both his conviction and his sentence.

## II.

Dentler argues that the indictment fails to allege an offense under 18 U.S.C. § 2113(a) because it fails to state a full set of elements for either of the offenses laid out in the statute. He also urges that the jury instructions constructively, and therefore impermissibly, amended his indictment by including an offense element not charged in the original indictment. We address each argument in turn.

## A.

A challenge to the sufficiency of the indictment is reviewed de novo. United States v. Partida, 385 F.3d 546,

4

554 (5th Cir. 2004). A grand jury indictment must "set forth each essential element of an offense." United States v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989). To be valid, an indictment "must charge positively and not inferentially everything essential." Wilkins v. United States, 376 F.2d 552, 562 (5th Cir. 1967). Moreover, a valid indictment must set forth the alleged offense "with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004). In determining whether an indictment is sufficient, we do not ask

> whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards. These minimum constitutional standards are met where the indictment alleges "every element of the crime charged and in such a way 'as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.'".

United States v. Gonzalez, 436 F.3d 560, 569 (5th Cir. 2006) (internal citations omitted); see also United States v. Threadgill, 172 F.3d 357, 366 (5th Cir. 1999) (quoting United States v. Lavergne, 805 F.2d 517, 521 (5th Cir. 1986)).

We have, therefore, held that so long as an indictment as a whole "fairly imports" an element, "an exact recitation of [that] element . . . is not required." United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006). "We generally . . . will not reverse for 'minor deficiencies that cause no prejudice.'" United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000) (quoting United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996)). Thus, even where an objection has been raised at trial, we have upheld the validity of an indictment despite the fact that particular language was not used to identify a key element, so long as "the language of the indictment demonstrates adequately" that the element is required. See, e.g., Haas, 583 F.2d at 218 ("[T]he indictment . . . need not contain technical terms of knowledge and intent if it recites facts and uses language which, taken as a whole, indicate knowledge and intent and that the indictment contains sufficient factual data to withstand a motion to dismiss.").

The statute at issue in this case, 18 U.S.C. § 2113(a), describes two separate offenses. United States

v. McGhee, 488 F.2d 781, 784 (5th Cir. 1974). The first paragraph criminalizes bank robbery (or an attempt) that uses force, violence, or intimidation. United States v. Bellew, 369 F.3d 450, 454 (5th Cir. 2004). That crime requires that the government prove the following elements:

> (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank, credit union, or savings and loan association.

Id.

The second paragraph, by contrast, allows for a conviction where "if at the time [a] person attempts to enter a bank he intends to commit any felony affecting the bank." United States v. Jones, 993 F.3d 58, 60 (5th Cir. 1993). To convict under that paragraph, the government must prove the following elements: (1) an entry or an attempt to enter (2) any bank, credit union, or any savings and loan association (or building used in whole or part as such), (3) with the intent to commit

there (4) any felony (5) affecting such bank, credit union, or savings and loan association. 18 U.S.C. § 2113(a).

Dentler's indictment, by comparison, asserts the following:

> [1] Dentler attempted to enter
> [2] TexStar Bank
> [3] intending to commit
> [4] the felony offense of robbery
> [5] by taking and attempting to take
> [6] from the person or presence of another
> [7] money
> [8] belonging to and in the care, custody, control, management, and possession of TexStar Bank.

As such, his indictment fails to assert, on its face, a full set of elements for either crime: it is missing either the allegation that Dentler intended a taking "by force and violence or intimidation" (under the first paragraph of section 2113(a)) or that the felony he intended to commit at the time he entered the bank affected the bank (under the second paragraph of section 2113(a)).

Dentler argues that the indictment was in error; the government counters that in charging Mr. Dentler with attempting to enter a bank while intending to rob someone

of the bank's money, the indictment is sufficient in indicating that Dentler's crime affected the bank. We need not address this question, because even assuming, <u>arguendo</u>, that the indictment was in error, any such error is harmless. <u>See</u> <u>United States v. Robinson</u>, 367 F.3d 278, 286-87 (5th Cir. 2004) (failure to include an offense element in an indictment is reviewed for harmless error where, as here, it was properly raised at trial) (citing <u>Neder v. United States</u>, 527 U.S. 1, 8 (1999), and <u>United States v. Cotton</u>, 535 U.S. 625, 627 (2002)); <u>see also</u> <u>United States v. Baptiste</u>, 309 F.3d 274, 277 (5th Cir. 2002) (per curiam) (on petition for rehearing); <u>United States v. Matthews</u>, 312 F.3d 652, 665 (5th Cir. 2003). Under the harmless error standard, the "question is whether the error affects substantial rights." <u>Robinson</u>, 367 F.3d at 286-87 (citing Fed. R. Crim. P. 52(a)).

An indictment serves two major functions:

it (1) provides notice of the crime for which the defendant has been charged, allowing him the opportunity to prepare a defense, and (2) interposes the public into the charging decision, such that a defendant is not subject to jeopardy for a crime alleged only by the

prosecution.

Robinson, 367 F.3d at 287 (citations omitted). Accordingly, in determining whether any error by the district court was harmless, we ask (1) whether the indictment provided Dentler sufficient notice of the crime with which he had been charged and (2) whether Dentler was harmed by "losing the right to have the public determine whether there existed probable cause to charge" the missing element. See Robinson, 367 F.3d at 287.

We first consider whether the indictment provided Dentler with sufficient notice of the crime with which he was charged. At trial, the government argued that the indictment intended to charge Dentler with attempted bank robbery under the second paragraph of section 2113. Dentler, however, argues that the indictment failed to give him sufficient notice because it did not state that his intended felony was one that "affected the bank." We disagree. The indictment plainly states that Dentler stands accused of an attempt to enter the bank to commit robbery by taking money belonging to that bank. Although

the indictment could have drafted with greater skill, we cannot read it to accuse Dentler of anything but attempting to enter with the intent to commit bank robbery, despite the absence of a specific reference to "bank robbery" or the inclusion of the missing element of bank robbery, i.e., the use of force or intimidation. Accordingly, we find that the indictment gave Dentler sufficient notice.

We must then consider whether Dentler suffered harm in losing the right to have the public determine whether there existed probable cause to charge the missing element. In this case, the element in question is "the use of force or violence." Had that element been included, Dentler's indictment under section 2113(a) would have charged him with the attempt to enter a bank and listed all of the elements of his intended felony (bank robbery). See United States v. Jones, 993 F.2d 58, 61-62 (5th Cir. 1993) (approving of an indictment that charged a violation of paragraph two of § 2113(a), where the felony in question was bank larceny and the indictment listed all of the essential elements of bank

larceny as well as the elements of § 2113(a)'s second paragraph).

"Once a trial takes place . . . there is little a court of appeals can do to restore to a defendant that which was lost: the right not to face a prosecution initiated solely at the government's behest." Robinson, 367 F.3d at 287 (citing United States v. Mechanik, 475 U.S. 66, 71 (1986)). On appeal, then, we consider only "whether, on the basis of the evidence that would have been available to the grand jury, any rational grand jury presented with a proper indictment would have charged that [the defendant] committed the offense in question." Id. at 288 (citing Matthews, 312 F.3d at 665).

In conducting that examination, we may consider "the petit jury's unanimous findings --- which [are considered] to be, at a minimum, persuasive evidence of how a grand jury would find." Robinson, 367 F.3d at 288. Our holding in Robinson relies on the Supreme Court's ruling in Mechanik, where the Court held that while a procedural error before the grand jury

> had the theoretical potential to affect the grand jury's determination whether to indict

12

> these particular defendants for the offenses with which they were charged . . . [,] [t]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

Mechanik, 475 U.S. at 70.

Here, the petit jury was specifically asked, in the jury instructions, whether Dentler intended the use of force and violence or intimidation; it unanimously found that he did. In addition, the evidence before the jury also included the fact that the man wore a mask; that his attempts to open the doors were "forceful"; that he repeatedly reached for a bulge in his pocket; that at least one teller testified that he thought the man had a gun; that the gun was linked to ammunition found in Dentler's truck; and that Dentler's checkbook showed a sketch of the bank area. Given such evidence, we are compelled to hold that a rational grand jury could find probable cause existed to charge Dentler with the use of force and violence or intimidation. As a result, we find no error in the indictment affecting Dentler's

13

substantial rights, and we hold that "any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." Mechanik, 475 U.S. at 70.

**B.**

Dentler next argues that language used in his jury instructions, which incorporates the force, violence, or intimidation element of bank robbery, operated as an impermissible constructive amendment to his indictment.

A constructive amendment occurs when "the jury is permitted to convict the defendant based on an alternative basis permitted by the statute but not charged in the indictment." United States v. Partida, 385 F.3d 546, 557 (5th Cir. 2004); see also United States v. Reasor, 418 F.3d 466, 474 (5th Cir. 2005). We have held that

> "[t]he accepted test is that a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged [in the indictment]. . . . In such cases, reversal is automatic, because the defendant may have been convicted on a ground not charged in the indictment."

14

United States v. Chambers, 408 F.3d 237, 241 (5th Cir. 2005) (quoting United States v. Adams, 778 F.2d 1117, 1123 (5th Cir. 1985)). We have cautioned, however, that to merit reversal, the difference between the indictment and the jury instruction must "allow[] the defendant to be convicted of a separate crime from the one for which he was indicted. Otherwise, he will have to show how the variance in the language between the jury charge and the indictment so severely prejudiced his defense that it requires reversal under harmless error review." United States v. Nunez, 180 F.3d 227, 231 (5th Cir. 1999). If, however, "it is clear that this could not have been the case, the trial court's refusal to restrict the jury charge to the words of the indictment is merely another of the flaws in the trial that mar its perfection but do not prejudice the defendant." Id. (quoting United States v. Ylda, 653 F.2d 912, 913 (5th Cir. Unit A Aug. 1981)).

In Dentler's case, again, his indictment charged him with

> attempt[ing] to enter Texstar Bank and the building used in whole or in part as a bank, with the intent to commit the felony offense of robbery, by taking and attempting to take from

the person or presence of another, money belonging to and in the care, custody, control, management, and possession of the Texstar Bank, a bank whose deposits where then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. Section 2113(a).

The jury instructions, by contrast, required the jury to find each of the following beyond a reasonable doubt:

First: That the defendant attempted to enter a federally insured bank with the intent to do the following:

Second: That the defendant intentionally attempted to take from the person or presence of another money;

Third: That the money belonged to or was in the possession of a federally insured bank at the time of the attempted taking; and

Fourth: That the defendant attempted to take the money by means of force and violence or by means of intimidation.

Dentler argues that the addition of the fourth jury instruction, regarding the use of force, violence, or intimidation, constitutes an impermissible constructive amendment.

During trial, both parties argued repeatedly that force or intimidation was required. Unlike cases such as Nunez, in which the jury instructions permitted the defendant to be convicted of a lesser offense than that

16

for which he was indicted, or <u>Stirone</u>, where the facts underlying the conviction dealt with an entirely different set of facts than those on which the defendant was convicted, Mr. Dentler was not convicted for something far different than that for which he was indicted. The language has not "permitted [the jury] to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged." <u>United States v. Adams</u>, 778 F.2d 1117, 1123 (5th Cir. 1985). The additional language in the jury instruction is therefore properly considered a variance, rather than an amendment, and is subject to the same harmless error review discussed in the preceding section. For the same reasons, Dentler's arguments fail, and we again find that any error resulting from such a variance was harmless.

## III.

Dentler challenges his sentence, arguing that the district court wrongly classed his offense as a crime of violence under the career offender provisions of the sentencing guidelines. Dentler did not raise this

17

objection before the district court; as a result, we review his challenge under the plain error standard. United States v. Gonzalez-Chavez, 432 F.3d 334, 336 (5th Cir. 2005). Dentler must therefore demonstrate (1) error (2) that was clear or obvious and that (3) affected his substantial rights. If Mr. Dentler succeeds in this showing, we may correct the error only if (4) it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id. at 336-37.

To be considered a crime of violence under the sentencing guidelines, Dentler's offense must either (1) "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another[;]" (2) "otherwise involve[] conduct that presents a serious potential risk of physical injury to another[;]" or (3) fall within a list of enumerated crimes, including robbery. U.S.S.G. § 4B1.2 (a) & cmt n.1.

18 U.S.C. § 924(c) sets out a definition for crimes of violence very similar to that used by the Sentencing Guidelines. We have held that the second paragraph of §

2113(a) (under which Dentler was convicted) does not constitute a crime of violence under that definition. United States v. Jones, 993 F.2d 58, 61-62 (5th Cir. 1993).

The government concedes that the holding in Jones governs this case. Moreover, it does not challenge Dentler's assertion that his offense does not meet the definition of the enumerated offense of robbery. The government does argue, however, that because the district court made numerous comments at sentencing suggesting that it sought to impose the highest sentence possible on Dentler, "there is a reasonable probability that the court would not impose a lesser sentence on remand" and therefore Dentler cannot show plain error.

This argument fails. "[I]f a sentence is imposed 'as a result of an incorrect application of the sentencing guidelines' the sentence must be vacated and the case remanded for further sentencing proceedings." United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir. 2006). The district court's error in classing Dentler's offense as a crime of violence resulted in a sentencing range

where the lowest possible sentence is 65 months higher than the top of the range he should have received --- such a gap affects his substantial rights. See United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005) ("Because these two sentencing ranges do not overlap, the district court's error necessarily increased Villegas's sentence and thus affected his substantial rights."). Dentler has satisfied his burden under the plain error standard, having established that "that the district court misapplied the Guidelines in calculating the sentencing range, the court imposed a sentence under the . . . Guidelines based on that miscalculation, and the sentence was higher than the correct range under the Guidelines." Id. Accordingly, we vacate his sentence and remand the case for resentencing.

## CONCLUSION

Because we find that any error in Dentler's indictment and any variance between his indictment and the jury instructions were harmless, we AFFIRM his conviction. However, as the district court erred in labeling Dentler's crime a crime of violence, and

20

therefore improperly increased his sentence range under the Guidelines, VACATE his sentence and REMAND his case for resentencing.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**