# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-50683
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FELIPE CARDENAS-LANDIN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2176-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Felipe Cardenas-Landin pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 30 months of imprisonment and three years of supervised release. The district court applied a four-point enhancement to his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(E) based on three convictions for misdemeanor crimes of violence. Cardenas-Landin did not object to the enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cardenas-Landin argues for the first time on appeal that the district court plainly erred in determining that his convictions for making a terroristic threat and for assault were misdemeanor crimes of violence under § 2L1.2(b)(1)(E). He argues that the district court's error requires reversal as plain error.

The Government concedes that none of Cardenas-Landin's prior misdemeanor convictions are crimes of violence within the meaning of § 2L.12(a)(1)(E). However, the Government argues that Cardenas-Landin cannot demonstrate that his substantial rights have been affected by the district court's error. The Government contends that based on Cardenas-Landin's extensive history of violence, the district court expressed a desire to incarcerate him for a long time. The Government argues that the record reflects that the district court would impose the same sentence on remand.

Cardenas-Landin argues in reply that the Government's argument ignores this court's precedent. He contends that this court rejected the same argument in United States v. Dentler, 492 F.3d 306 (5th Cir. 2007).

In United States v. Villegas, 404 F.3d 355, 362 (5th Cir. 2005), we addressed review of a district court's application of the Sentencing Guidelines under a post-Booker[1] sentencing regime. We determined that Booker did not excise 18 U.S.C. § 3742(f), which requires that a sentence imposed "as a result of an incorrect application of the sentencing guidelines" be vacated and the case remanded for further sentencing proceedings. Id. Concluding that the district court plainly erred in calculating the guideline range, we vacated the defendant's sentence without considering the sentence's ultimate reasonableness. Id. at 364-65.

In Dentler, the Government also conceded that the district court had misapplied the Guidelines, resulting in an increase in the advisory guideline range from 140-175 months to 210-262 months. The district court sentenced the

---

[1] United States v. Booker, 543 U.S. 220 (2005).

defendant to 240 months, the statutory maximum for the offense. 492 F.3d at 308-09. The Government argued that, based on comments made by the district court at the sentencing hearing that it sought to impose the highest sentence possible, the defendant could not show plain error. Id. at 313.

We rejected the Government's argument, noting that the district court's error resulted in a sentencing range in which the lowest possible sentence was 65 months higher than the top of the correct range. We stated that "such a gap affects his substantial rights," citing Villegas. In Villegas, we held that because the two sentencing ranges did not overlap, "the district court's error necessarily increased Villegas's sentence and thus affected his substantial rights." 404 F.3d at 364. Villegas involved a misapplication of the Guidelines and a sentence imposed within the incorrectly calculated guideline range under the then mandatory scheme. Id. at 364-65. In Dentler, we applied Villegas to a sentence imposed within the incorrectly calculated guideline range under the advisory system, vacated the sentence, and remanded for resentencing. 492 F.3d at 313-14.

In this case, the district court imposed a sentence at the top of the incorrectly calculated advisory guideline range of 24 to 30 months. Without the erroneous four-point enhancement, Cardenas-Landin's offense level would have been reduced from 10 to 6, and with a criminal history category of VI, his correct guideline range would have been 12 to 18 months. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. The two ranges do not overlap. The district court did not depart pursuant to the Guidelines, and it did not impose a non-guideline sentence. Thus, there is no basis to conclude that the sentence did not "result" from the misapplication of the Guidelines. See United States v. Duhon, 440 F.3d 711, 716 (5th Cir. 2006) (holding that non-guideline sentence did not result from the Guidelines error), petition for cert. filed, (May 18, 2006) (No. 05-11144); United States v. Tzep-Mejia, 461 F.3d 522, 526-27 (5th Cir. 2006) (distinguishing

between sentences imposed within the guideline range and non-guideline sentences).

We hold that Cardenas-Landin has demonstrated plain error, and we vacate his sentence and remand the case for resentencing.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.