# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-10254
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CANTRICE MCHENRY, also known as Candy

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-147-3

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cantrice McHenry has appealed her jury conviction of bank robbery and aiding and abetting. A credit union officer testified that the victim credit union was insured by the National Credit Union Administration (NCUA), as opposed to the NCUA Board, as alleged in the indictment. Over McHenry's objection, the district court omitted the word "Board" from its instruction regarding the jurisdictional element of the statute, and it denied McHenry's motion for judgment of acquittal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McHenry contends that the Government failed to prove that the credit union was insured by the NCUA Board, contrary to the statutory definition in 18 U.S.C. § 2113(g). A reasonable juror could have found that the credit union officer's uncontradicted testimony established the credit union's federally insured status beyond a reasonable doubt. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Sanders, 343 F.3d 511, 516-17 (5th Cir. 2003).

McHenry contends also that the district court erred in varying the jury charge from the allegations in the indictment by omitting the word "Board" from its instruction regarding the jurisdictional element of the offense. The district court merely instructed the jury that it could satisfy the jurisdictional element by finding that the credit union was insured by the NCUA, as opposed to the NCUA Board. The instruction did not modify the jurisdictional element; it only provided that the element could be satisfied by facts different from those alleged in the indictment. See United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998). Thus, the modification was "one of form and not of substance." United States v. Slovacek, 867 F.2d 842, 847 n.4 (5th Cir. 1989). Any error in instructing the jury was harmless. See United States v. Dentler, 492 F.3d 306, 312 (5th Cir. 2007).

AFFIRMED.